IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ROBERT ALLEN HARRINGTON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:06-CV-0169 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION**
**TO DENY PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner ROBERT ALLEN HARRINGTON has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody. By his application, petitioner advises he is currently serving a 15-year sentence, assessed upon his September 19, 1990 conviction for the offense of burglary of a habitation out of the 372nd Judicial District Court of Tarrant County, Texas. Petitioner advises he was released from confinement on conditional release (parole) in May of 1992, but that said release was revoked and petitioner was returned to custody on May 29, 1998. Petitioner further advises he was again released to parole on September 12, 2001, but was returned to custody on September 24, 2003.[1]

By this application, petitioner seeks to have his sentence credited with time served for the

---

[1] Petitioner states in his habeas application at 5 that his parole was revoked in California on March 8, 2004. In his Memorandum in Support of Writ of Habeas Corpus at 1, petitioner alleges he was returned to the Texas Department of Criminal Justice on September 24, 2003. While these dates do not correlate with each other, it appears to the Court that in either case the instant petition is time barred but, because petitioner is not entitled to relief, the Court will not dismiss due to time bar.

HAB54\R&R\HARRINGTON.STREETTIME:3

period of time he was on conditional release, purported to be 2,953 days, commonly referred to as "street time." For the reasons hereinafter expressed, the undersigned United States Magistrate Judge is of the opinion petitioner's federal habeas application should be denied.

I.
PETITIONER'S ALLEGATIONS

In support of his contention that he is being held in violation of the Constitution and laws of the United States, petitioner presents the following grounds:

1. The forfeiture and denial of street time credit has unconstitutionally extended his sentence; and

2. The Texas Court of Criminal Appeals violated its own prior ruling when it denied petitioner his street time.

A.
Street Time as Calendar Time

Under his first ground, petitioner essentially maintains he is constitutionally entitled to 2,953 days flat time, or calendar time, toward his 15-year sentence for the period of time he was out-of-prison on conditional release (parole), and that respondent's failure to credit his sentence with such time is in violation of his federal constitutional rights. A state prisoner does not have a federal constitutional right to obtain release prior to the expiration of his sentence. *See Board of Pardons v. Allen,* 482 U.S. 369, 378 n. 10, 107 S.Ct. 2415, 2421 n. 10, 96 L.Ed.2d 303 (1987); *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 736 (1996). If allowed early release, the "street time" accumulated while on conditional release does not operate to reduce the sentence of a parole violator returned to prison. *See Starnes v. Connett,* 464 F.2d 524 (5th Cir.), *cert. denied,* 93 S.Ct. 341 (1972). Under federal law, a prisoner does not receive credit toward his calendar time for time spent on conditional release if the prisoner

violates the conditions of his release. *Thompson v. Cockrell*, 263 F.3d 423, 426 (5th Cir. 2001). Likewise, Texas statutory law in effect at the time of petitioner's revocation in May of 1998 provided that an inmate serving the remainder of his sentence after the revocation of his conditional release did not receive credit for the time from the date of the person's release to the date of revocation. *See* Tex. Gov't Code Ann. §§ 508.283(b) (previously Tex. Code Crim. Proc. Ann. art. 42.18 § 15(a)). The Texas and federal laws do not raise constitutional concerns. *Thompson v. Cockrell,* 263 F.3d at 426 (*citing Morrison v. Johnson,* 106 F.3d 127, 129 n. 1 (5th Cir. 1997)). Petitioner therefore does not have a liberty interest grounded in either a state law or the federal Due Process Clause itself that would require respondent to credit petitioner with the street time he spent on parole. Petitioner has failed to state a federal constitutional violation so as to entitle him to federal habeas relief. Petitioner's claim should be DENIED.

B.
Texas Court of Criminal Appeals

In his second ground, petitioner makes the argument that the Texas Court of Criminal Appeals erred when it denied his state habeas application in that it did not follow its own precedent. Petitioner's claim is without merit. Petitioner has not asserted a federal constitutional violation. This Court does not sit as an appellate court to the state courts. Petitioner is obligated to raise a federal constitutional issue to obtain relief herein and he has failed to do so. Consequently, petitioner's claim will not support federal habeas relief. Petitioner's second ground should be DENIED.

IV.
RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus filed by petitioner ROBERT ALLEN HARRINGTON be DENIED.

VI.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 13th day of July 2006.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

\* NOTICE OF RIGHT TO OBJECT \*

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation

contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).